[S. F. No. 15046.  In Bank.—March 28, 1935.]

FLORENCE STALDER, Respondent, v. ERNEST B. STALDER, Appellant; MARGARET SWEENEY, Cross-Defendant and Respondent.

Virgil J. Garibaldi and Alfred J. Hennessy for Appellant.

John J. Taaffe for Respondent.

THOMPSON, J.—This is an appeal from that portion of the interlocutory decree entered in an action for divorce, instituted by Florence Stalder, which relates to the community property. The complaint alleged there was no community property. By answer and cross-complaint, joining as a cross-defendant Margaret Sweeney, the daughter of the plaintiff by a former marriage, the defendant asked for a decree of divorce on the ground of extreme cruelty of the plaintiff and alleged the existence of community property in the amount of $10,000, consisting of cash in the bank, an automobile and household furniture in an apartment house at 820 Ashbury Street, San Francisco, and a one-half interest in the apartment house itself, which stands in the name of Margaret Sweeney, the transfer from the plaintiff to her being alleged to have been without consideration and in fraud of creditors. It is further alleged by defendant that about $9,000 belonging to the community, the returns from the ''furnished apartment house business'' run by both himself and his wife, were invested in the apartment house in repairs, improvements and the reduction of encumbrances thereon with the knowledge of the cross-defendant and he asks that he be declared entitled to two-thirds of the community property and that the deed from Florence Stalder to Margaret Sweeney be set aside.

The trial court found that the parties were married in Oakland on February 29, 1929, had been separated since August 1, 1931, and that plaintiff was entitled to a decree of divorce upon the ground of the habitul intemperance of the defendant. The total community property was found to consist of $1,029 cash and a car worth approximately $500. It was further found that there was no household furniture belonging to the plaintiff and defendant as community property or otherwise; that it was untrue that $5,683.88 cash belonging to the community had been used by the plaintiff to pay off a deed of trust on the apartment house; that the apartment house had been transferred by the plaintiff to Margaret Sweeney prior to the marriage on June 25, 1928, for $2,500 cash, was a *bona fide* transaction, and the apart-

ment house property belonged solely to the cross-defendant and was no part of the community property of the plaintiff and defendant; and that there was no community property other than the $1,029 cash and the automobile as previously expressly found.

Pursuant to these findings and conclusions of law in accordance therewith, the trial court entered its judgment, granting a divorce to the plaintiff, dividing the community property as follows: $1,000 to the defendant, the remainder, to the plaintiff, and quieting title to the apartment house in the cross-defendant Margaret Sweeney. The record on this appeal consists of the judgment roll and a bill of exceptions. The specifications of error challenge the sufficiency of the evidence to sustain the findings of the court with reference to the community property. In his opening brief appellant asks this court to reverse the judgment with directions to the trial court to enter judgment for the sum of $4,550 and to declare it a lien on the apartment house on the theory that that is his share of the community property remaining undisposed of by the decree. He claims this amount as half of the money (proceeds of the business of operating a furnished apartment house, in which business Margaret Sweeney had no interest)' which was earned by himself and his wife during the marriage and was put back into the apartment house property.

■ There is no doubt but that the finding of the trial court that the rents derived from the apartment house were not the community property of the plaintiff and defendant must be sustained. From the excerpts of the testimony of the plaintiff and defendant and of the cross-defendant which are printed by defendant in his bill of exceptions, it appears without substantial contradiction that the apartment house was conveyed to Mrs. Sweeney about seven months prior to the marriage of the plaintiff and defendant; that, at the time of the conveyance, the plaintiff owed her daughter between $2,500 and $3,000; that, because her mother had no other income and she would otherwise have had to support her, Mrs. Sweeney arranged with her mother to look after and manage the apartment house in return for an apartment in which to live and enough money for her needs, which she was to take out of the rents collected by her, the rest of the rents to be applied to repairs and improvements

and to paying off the indebtedness upon the apartment house building. It further appears from the testimony of both mother and daughter that after the marriage of plaintiff and defendant, plaintiff was to have an apartment to live in but all the rents were to be applied to the apartment house and were to belong to the daughter. ▆ The rents, it is true, were put by plaintiff in a bank account which she had jointly with the defendant, but she testified that at the time it was opened it was agreed that the income from the apartment house had to be accounted for. Mrs. Stalder further testified that no money from a restaurant run by her and none of the wages earned by defendant from time to time were ever put into the apartment house.

Appellant's argument that the earnings of both spouses are community property is immaterial since it is clear from the recited evidence that the only earnings of Mrs. Stalder in connection with the apartment house were the rent-free apartment and such money as her daughter allowed her to keep to live on out of the rents collected in return for its management, the rents themselves belonging, as the trial court found, to Mrs. Sweeney.

The judgment is affirmed.

Preston, J., Curtis, J., Langdon, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.